## Aaron French *vs.* Nathan Haskins.

A recorded assignment of " so much of a mortgage and property therein described as will amount to " a certain sum, less than the mortgage debt, passes no legal title against a subsequent purchaser from the mortgagee without actual notice of the assignment.

Action of tort for the conversion of a steam engine, shafting, belts, pullies, wheels and gearing, exceeding two hundred dollars in value. The case was submitted to the decision of the court on the following statement of facts :

In February 1851 John C. Bell, then owner of this property, mortgaged it together with other property to Bradbury C. Bartlett to secure the payment of nine promissory notes. In July 1851 Bartlett, in consideration of $200 paid to Bell with his consent, indorsed to the plaintiff, " without recourse," two of the notes of $100 each, and, with Bell's consent, executed to the plaintiff an assignment of " so much of the within mortgage and property therein described as will amount to the sum of two hundred dollars with interest, as security to said French for the payment of " said two notes, " to have and to hold the same in as ample a manner for the full payment of said sums and interest as I might or could have held the same if this assignment had not been made." The mortgage and assignment were duly recorded, and afterwards remained in the plaintiff's possession.

Bartlett had previously refused to execute an assignment to the plaintiff " of the mortgage deed and the property therein described, and also two of the notes therein mentioned," (describing them,) " to have and to hold the same to him the said French and his heirs, executors, administrators and assigns in as full and ample a manner as I could hold the same "— upon the ground that by so doing he should lose all control of the mortgaged property.

In the autumn of 1852 Bell sold to Bartlett all his interest in the mortgaged property by parol, and gave him absolute control of the property so far as he, Bell, was concerned, without affect-

ing the claim of Bartlett upon Bell for the amount due him beyond the value of the property; and Bartlett took possession of the property mentioned in the writ, and sold it to the defendant, and received the price thereof; neither Bartlett nor the plaintiff having ever taken any further steps to foreclose the mortgage.

The plaintiff afterwards demanded this property of the defendant, who previously had no actual notice of the existence of the assignment to the plaintiff.

*M. G. Cobb*, for the plaintiff, cited *Hills* v. *Eliot*, 12 Mass. 26; *Langdon* v. *Keith*, 9 Verm. 299; *Wright* v. *Parker*, 2 Aik. 212; *State Bank* v. *Tweedy*, 8 Blackf. 449.

*B. Dean*, for the defendant.

SHAW, C. J. The assignment of Bartlett was in terms the transfer of a part of a quantity of goods, in no way designated or identified, except by the mortgage from Bell to Bartlett. It was in terms a transfer of part without separation, and accompanied by no act of separation or delivery in fact. As a sale, conditional or absolute, it was void to pass the property, in any part, and vest it in the assignee. Bartlett had expressly refused to assign the entire property, by which, perhaps, it would have been sufficiently described and identified, and had refused so to assign, because he did not intend to part with his own possession and control of the mortgaged property. This partial assignment may possibly be construed to be of the nature of a declaration of trust on the part of Bartlett, binding him in equity to account with the plaintiff, out of the proceeds of the sale of these goods, either for the whole $200, or for such proportion thereof as the two notes of the plaintiff bore to the whole of the notes secured by it. But it did not make French tenant in common with himself. The legal title still remained in Bartlett, so that his sale to the defendant was good. The plaintiff's action being in the nature of tort, founded solely on the ground that the plaintiff acquired a specific right of property in the goods, and that title having failed, this action cannot be maintained. *Judgment for the defendant.*